Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| TERESE M. DIETZ, | Case No. 2-25-bk-08275-BKM |
| | **TRUSTEE'S RECOMMENDATION** |
| | Deadline is January 19, 2026 |
| Debtor. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

The Trustee notes the following issues, which must be resolved before recommending confirmation of the Plan:

(1) The plan provides for payment of secured claim to Service Finance Company who has not filed a proof of claim. Pursuant to F.R.B.P. 3002(a) (eff. Dec. 1, 2017), a secured creditor must file a proof of claim to have an allowed claim. Should the creditor fail to file a proof of claim, then the Debtor(s) may do so per F.R.B.P. 3005(a). The Trustee will not pay the creditor without a proof of claim being filed. **The Trustee objects to the plan being confirmed without a secured claim being filed for all secured creditors treated in the plan.**

(2) The secured debt to be paid to Toyota Motor Credit Corporation is to be reduced to $5,546.69 as stated in the creditor's proof of claim, to be paid at the rate of 9% interest as stated in the Plan.

(3) The Debtor schedules an interest in a personal injury claim. The Trustee requires information regarding the current status of the case, an estimate of the value of the claim, and the expected date when the case will be resolved. The Trustee advises the Debtor that any settlement is subject to Bankruptcy Court approval and that any settlement or recovery will be required to be turned over to the Trustee for the benefit of creditors. The Debtor's attorney must contact the Trustee's staff attorney, Rachel Flinn, to prepare an Application to Appoint Special Counsel. Finally, the proposed Order Confirming Plan must include a provision that any funds from the claim will be applied first to unsecured, priority claims, then to unsecured, nonpriority claims, then finally as advance Plan payments, but the term of the Plan will not be reduced to fewer than 36 months unless all claims are paid in full.

(4) Other requirements:

(A) When a debtor is represented by counsel, all debtor documents are to be submitted to the Trustee through the bkdocs.us website after redaction of PII. Local Rule 2084-27. Such documents include tax returns, bank statements, paystubs, and so on.

(B) The attorney is to review all proofs of claim on the claims register and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Attachments to secured claims should be reviewed to see if there is a balloon payment. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(C) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(D) Before submitting a proposed order, the attorney for the Debtor(s) should verify plan funding using the funding http://www.chapter13.info/funding-calc-main.aspx.

(E) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(F) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(G) To expedite the order review process, counsel must use the recommended form for the order confirming plan. If counsel needs the Trustee's latest form, then contact the applicable case administrator..

(H) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(I) The order confirming plan is to state: Within 14 days of filing them, the Debtors shall provide a copy of their 2025 - 2029 federal and state income tax returns, including all attachments, forms, schedules and statements, to their attorney. After appropriate redaction of PII, Debtors' attorney is to promptly provide the returns to the Trustee through the website www.bkdocs.us.

(J) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(K) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(L) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10(b), by January 19, 2026, Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

TERESE M. DIETZ
16184 WEST WASHINGTON STREET
GOODYEAR, AZ 85338
TDJDRD@AOL.COM

PHOENIX FRESH START

4131 MAIN STREET
SKOKIE, IL 60076-2780
DOCUMENTS@PHXFRESHSTART.COM
TOM@NWRELIEF.COM

_____
*jmorales@ch13bk.com*